| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>KIRBY AISNER & CURLEY LLP<br>Rosemarie E. Matera, Esq. (RMatera@kacllp.com)<br>700 Post Road, Suite 237<br>Scarsdale, New York 10583<br>Telephone: (914) 401-9500<br><br>*Proposed Attorneys for JJ Bada 464 Operating Corp.*<br>*Debtor and Debtor-in-Possession* | |
|---|---|
| In re:<br><br>JJ BADA 464 OPERATING CORP.,<br><br>                                                                Debtor. | Case No.:   25-11078<br><br>Judge:        Stacey L. Meisel<br><br>Chapter:    11 – Subchapter V |

**DEBTOR'S MOTION (I) REQUESTING USE OF CASH
COLLATERAL PURSUANT TO 11 U.S.C. §363(c)(2) AND
BANKRUPTCY RULE 4001 ON AN INTERIM BASIS, AND
PROVIDING ADEQUATE PROTECTION THREFOR PURSUANT TO
11 U.S.C. §§361 AND 362, AND (II) SCHEDULING A FINAL HEARING**

**TO:    HONORABLE STACEY L. MEISEL,
           UNITED STATES BANKRUPTCY JUDGE**

JJ Bada 464 Operating Corp., the above captioned debtor and debtor-in-possession (the "**Debtor**"), by its proposed attorneys, Kirby Aisner & Curley, LLP, files this motion (the "**Motion**") for entry of an Order: (i) Authorizing the Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §363(c)(2) and Bankruptcy Rule 400 and Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§361 and 362, and (ii) Scheduling a Final Hearing. In support of this Motion, the Debtor respectfully states and represents as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and

this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a), 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-3 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "**Local Rules**").

## BACKGROUND

3. On February 1, 2025 (the "**Filing Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") and stated in its petition that it is a small business Debtor pursuant to Fed. R. Bankr. P. 1020(a) and elected to proceed as a small business Debtor under Subchapter V of chapter 11 of the Bankruptcy Code.

4. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

5. The Debtor owns and operates *Bada Story Restaurant* which is a Korean and Japanese Sushi Restaurant located at 464 Sylvan Avenue, Englewood Cliffs, New Jersey (the "**Restaurant**").

6. When the Debtor was negotiating the lease where the Restaurant operates, one of the critical conditions were to be included in the lease agreement was for the rent was to be inclusive of any property taxes. Following the entry into the lease with Yea J. Realty, LLC (the "**Landlord**"), the Debtor never received any invoices or requests for payment of real estate tax. However, after nearly one year the Landlord sought payment of real estate taxes, and litigation between the Debtor and the

2

Landlord ensued regarding the Debtor's requirement to pay real estate taxes, and a separate action related to the renewal of the lease. On January 24, 2025, an order was entered directing the Debtor to make a payment of $399,599.40 to the Landlord. On January 29, 2025, the Debtor filed a motion for new trial or stay pending review. However, in order to ensure that the lease would not be terminated pending this motion, the Debtor filed this Chapter 11 Case to preserve and protect the Debtor's assets, including the Restaurant and lease, and allow the Debtor the opportunity to restructure its affairs and propose a plan of reorganization that is in the best interests of its creditors and affords them the greatest recovery possible.

## PRE-PETITION SECURED DEBT

7. Based upon a UCC search obtained by the Debtor, the Debtor has two (2) creditors that have asserted liens on the Debtor's "cash collateral" as that term is defined in § 363(a) of the Bankruptcy Code (the "**Cash Collateral**") summarized below:

| Lender | Amount (Estimated) | UCC Filing Date | Collateral |
| --- | --- | --- | --- |
| Il Yeon Kwon | $50,000 | February 24, 2020 | All assets, as specifically defined hereinbelow |
| U.S. Small Business Admin. | $38,600 | July 3, 2020 | All assets, as specifically defined hereinbelow |

### A. Kwon Loan

8. Upon information and belief, on or about January 13, 2020, the Debtor entered into a promissory note with Il Yeon Kwon ("**Kwon**") having a principal amount of $270,000.00 with a fixed interest rate of 5.5%. with monthly principal and interest payments in the amount of $5,157.31 and a maturity date of February 1, 2025 (the "**Kwon Note**"). In order to secure payment of the Kown Note, on or about February 7, 2020, the Debtor executed a security agreement (the "**Kwon Security Agreement**") which granted Kwon a lien in the Collateral, as set forth more fully therein. The liens granted in the Kwon Security Agreement were, upon information and belief duly

3

perfected by Kwon by virtue of filing a UCC-1 financing statement (the "**Kwon UCC-1**") with the New Jersey Secretary of State on February 24, 2020 (bearing filing number 53875192). A copy of the Kwon Note, Kwon Security Agreement, and Kwon UCC-1 are annexed hereto as **Exhibit A**.

9.  As of the Petition Date, the Debtor estimates that approximately $50,000.00 is due and owing on the Kwon Note.

**B. SBA Loan**

10. Upon information and belief, on or about May 26, 2020, the Debtor entered into an Economic Injury Disaster Loan with the U.S. Small Business Administration (the "**SBA**") having a principal amount of $38,600.00 with a fixed interest rate of 3.75%. with monthly principal and interest payments in the amount of $189.00 commencing on or about May 1, 2021, and payable over thirty (30) years from the date of the Note (the "**SBA Note**"). In order to secure payment of the EIDL Note, on or about May 26, 2020, the Debtor executed a security agreement (the "**SBA Security Agreement**") which granted the SBA a lien in the Collateral, as set forth more fully therein. The liens granted in the SBA Security Agreement were, upon information and belief duly perfected by SBA by virtue of filing a UCC-1 financing statement (the "**SBA UCC-1**") with the New Jersey Secretary of State on July 3, 2020 (bearing filing number 54409662). A copy of the SBA Note, SBA Security Agreement, and SBA UCC-1 are annexed hereto as **Exhibit B**.

11. As of the Petition Date, the Debtor estimates that approximately $35,000.00 is due and owing on the SBA Note.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

12. The Debtor submits this Motion pursuant to Bankruptcy Code §363(c)(2)(B) and 361 and 362 and Bankruptcy Rule 4001(b) with respect to the Debtor's request for authority to use

property which may constitute Cash Collateral in which Kwon and the SBA may assert a security interest, substantially in accordance with the terms and conditions set forth in the proposed Interim Order (the "**Order**") annexed hereto as **Exhibit C**. The Debtor does not believe any creditors other than Kwon and the SBA (the "**Secured Creditors**") may assert a perfected security interest in the Debtor's property which may constitute Cash Collateral.

13. The proposed Order grants the Debtor the authority to use the Cash Collateral pursuant to Bankruptcy Code §§363 (c)(1) and (2) and Bankruptcy Rule 4001(c) to the extent necessary to continue the operation of its business and to preserve the value of its estate during the course of the Chapter 11 Case, in accordance with the budget (the "**Budget**") annexed hereto as **Exhibit D.** The Debtor believes that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of operating the Debtor's businesses for the period set forth in the Budget. The Debtor believes that the use of Cash Collateral in accordance with the Budget will provide the Debtor with adequate liquidity to pay administrative expenses as they become due and payable during the period covered by the Budget.

14. Section 363(a) of the Bankruptcy Code states as follows:

> "In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of properties subject to a security interest as provided in Section 552(b) of this title, whether existing before or after the commencement of a case under this title."

15. Section 363(c)(1) of the Bankruptcy Code provides as follows:

> "(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1304, 1203, or 1204 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing".

5

16. Section 363(d) of the Bankruptcy Code provides as follows:

> "(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only to the extent not inconsistent with any relief granted under section 362(c), 362(e), or 362(f) of this title".

17. Accordingly, pursuant to § 363(c)(2) of the Bankruptcy Code, the consent of the Secured Creditors, or authority from this Court is required to use Collateral in which has a perfected security interest.

## ADEQUATE PROTECTION

18. The purpose of adequate protection is to ensure that the secured creditor receives the value for which it bargained pre-bankruptcy. *In re Swedeland Development Group, Inc.,* 16 F.3d 552 (3rd Cir. 1994); *In re Dunes Casino Hotel*, 69 B.R. 784, 793 (Bankr, D.N.J. 1986), *citing In re Coors of the Cumberland*, 19 B.R. 313 (Bankr. M.D. Tenn. 1982). See also, *In re 495 Central Park Ave. Corp.,* 136 B.R. 626 (Bankr. S.D.N.Y. 1992). Adequate protection is designed to safeguard the secured creditor from diminution in the value of its interest during the chapter 11 reorganization. *In re Nice*, 355 B.R. 554, 563 (Bankr. N.D. Va. 2006) ("adequate protection is solely a function of preserving the value of the creditor's secured claim as of the petition date due to a debtor's continued use of the collateral").

19. Because the term "adequate protection" is not defined in the Bankruptcy Code, the precise contours of the concept are necessarily determined on a case-by-case basis. *MBank Dallas, N.A. v. O'Connor (In re O'Connor),* 808 F.2d 1393 (10th Cir. 1987). *In re Snowshoe Co.,* 789 F.2d 1085, 1088 (4th Cir. 1086); *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); *In re Beker Industries Corp.,* 58 B.R. 725 (Bankr. S.D.N.Y. 1986); *See also, In re JKJ Chevrolet, Inc.* 190 B.R. 542, 545 (Bankr. E.D.Va. 1995) (adequate protection is a flexible concept that is determined by considering the facts of each case).

6

20. The Order provides that, as adequate protection for the Debtor's use of the Secured Creditor's Collateral, in consideration for the use of the cash Collateral and for the purpose of adequately protecting them from Collateral Diminution[1], the Debtor shall grant the Secured Creditors replacement liens in all of the Debtor's pre-petition and post-petition assets and proceeds, including the Cash Collateral and the proceeds of the foregoing, to the extent that the Secured Creditors had a valid security interest in said pre-petition assets on the Petition Date and in the continuing order of priority that existed as of the Filing Date (the "**Replacement Liens**"). The Replacement Liens shall not attach to any recovery of funds or proceeds from the successful prosecution of avoidance actions pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code ("**Chapter 5 Claims**").

21. The Replacement Liens shall be subject and subordinate only to: (a) United States Trustee fees payable under 28 U.S.C. Section 1930 and 31 U.S.C Section 3717, if applicable, or alternatively, the allowed administrative claim of the Subchapter V Trustee, and any fees payable to the Clerk of the Court; (b) professional fees of duly retained professionals in this Chapter 11 case as may be awarded pursuant to Sections 330 or 331 of the Code; and (c) the fees and expenses of a hypothetical Chapter 7 trustee to the extent of $10,000 (collectively, the "**Carve-Outs**").

22. The Debtor submits that, in order to preserve the Debtor's estate and ensure the viability of the Debtor during the Chapter 11 Case, the Secured Creditors should be granted Replacement Liens with the same nature, extent and validity of their pre-petition liens, subject to investigation by any creditors or committee appointed in the Debtor's Chapter 11 Case.

23. In addition to the liens and security interests proposed to be granted pursuant hereto,

---

[1] For purposes of this Order, "Collateral Diminution" shall mean any diminution in value of the Secured Creditor's interest in Debtor's property as of the Filing Date by reason of Debtor's use of Cash Collateral in accordance with this Order.

and as further adequate protection, the Debtor shall make monthly payments to Kwon in the amount of $5,157.31 per month, and monthly payments to SBA in the amount of $189.00 per month, both of which are the contractual amounts under their respective notes.

24. The Debtor submits that, in order to preserve the Debtor's estate and ensure the viability of the Debtor during the Chapter 11 Case, it is critical that the Court approve the proposed adequate protection payments to the Secured Creditors and the grant to them of Replacement Liens with the same nature, extent and validity of the Secured Creditor's pre-petition liens, subject to investigation by any creditors or committee appointed in the Debtor's Chapter 11 Case.

## NOTICE

25. Since the Debtor is seeking interim relief in this Motion, the Debtor will be serving the Motion by overnight delivery or email delivery upon (i) the Secured Creditors, (ii) the United States Trustee, (iii) the Subchapter V Trustee, once appointed, and (iv) all parties filing notices of appearance and requests for all notices.

**WHEREFORE**, the Debtor respectfully request all of the relief sought in the within Motion, together with such other and further relief as is just and proper under the circumstances, for all of which no prior request has been made to this or any other Court.

Dated: Scarsdale, New York
      February 3, 2025

                                    KIRBY AISNER & CURLEY LLP
                                    *Proposed Attorneys for JJ Bada 464 Operating Corp.*
                                    *Debtor and Debtor-in-Possession*

                                    By: */s/ Rosemarie E. Matera*
                                        Rosemarie E. Matera, Esq.
                                        700 Post Road, Suite 237
                                        Scarsdale, New York 10583
                                        (914) 401-9500
                                        RMatera@kacllp.com

9