# Exhibit "C"

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>KIRBY AISNER & CURLEY LLP<br>Rosemarie E. Matera, Esq. (RMatera@kacllp.com)<br>700 Post Road, Suite 237<br>Scarsdale, New York 10583<br>Telephone: (914) 401-9500<br><br>*Proposed Attorneys for JJ Bada 464 Operating Corp.*<br>*Debtor and Debtor-in-Possession* | |
| In re:<br><br>JJ BADA 464 OPERATING CORP.,<br><br>                                                    Debtor. | Case No.:         25-11078<br><br>Chapter:          11 – Subchapter V<br><br>Hearing Date:   February __, 2025<br><br>Judge:             Stacey L. Meisel |

**INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH
COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND PROVIDING
<u>ADEQUATE PROTECTION THEREFOR PURSUANT TO §§ 361 AND 362</u>**

The relief set forth on the following pages, numbered two (2) through nine (9), is **ORDERED**.

Upon the motion dated February 3, 2025 (the "**Motion**", ECF No. __) of JJ Bada 464 Operating Corp., the above captioned debtor and debtor-in-possession (the "**Debtor**"), by its proposed attorneys, Kirby Aisner & Curley, LLP, for entry of an Order: (i) Authorizing the Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §363(c)(2) and Bankruptcy Rule 4001 and Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§361 and 362, and (ii) Scheduling a Final Hearing; and upon the Declaration of Brandon Park in Support of Chapter 11 Petition and First Day Filings (the "**Declaration**", ECF No. __); and upon the Application of Expedited Consideration of First Day Matters (the "**Application**", ECF No. __); and the Court having entered an Order Regarding Application of Expedited Consideration of First Day Matters (the "**Scheduling Order**", ECF No. __); and the Scheduling Order and the Motion having been served in accordance therewith; and upon the other filings and pleadings in these Chapter 11 Cases; and a hearing having been held on __ to consider the relief sought in the Motion on an interim basis (the "**Interim Hearing**"); and all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court based upon the filings in this case and the representations made on the record at the Interim Hearing that granting the relief set forth herein is necessary to avoid immediate and irreparable harm, is otherwise fair and reasonable and in the best interests of the Debtors, their estates, their creditors and equity holders, and essential for the continued operation of the Debtors' business; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.  This Court has jurisdiction over this case and the parties and property affected hereby pursuant to 28 U.S.C. §1334. This is a "core" proceeding pursuant to 28 U.S.C. §157. Venue is proper in this Court pursuant to 28 U.S.C. §1408.

B.  On February 1, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") and stated in its petition that it is a small business Debtor pursuant to Fed. R. Bankr. P. 1020(a) and elected to proceed as a small business Debtor under Subchapter V of chapter 11 of the Bankruptcy Code.

C.  The Debtor has continued in possession of its property and the management of its business affairs as debtors-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

D.  The Debtor represents that it owns and operates *Bada Story Restaurant* which is a Korean and Japanese Sushi Restaurant located at 464 Sylvan Avenue, Englewood Cliffs, New Jersey (the "**Restaurant**").

**Kwon Loan**

E.  Subject to the Debtor's investigation prior to any Final Order authorizing use of cash collateral, the Debtor acknowledges, on behalf of itself and not its estate, that on or about January 13, 2020, the Debtor entered into a promissory note with Il Yeon Kwon ("**Kwon**") having a principal amount of $270,000.00 with a fixed interest rate of 5.5%. with monthly principal and interest payments in the amount of $5,157.31 and a maturity date of February 1, 2025 (the "**Kwon**

**Note**").

F. In order to secure payment of the Kown Note, on or about February 7, 2020, the Debtor executed a security agreement (the "**Kwon Security Agreement**") which granted Kwon a lien in the Collateral, as set forth more fully therein. The liens granted in the Kwon Security Agreement were, upon information and belief duly perfected by Kwon by virtue of filing a UCC-1 financing statement (the "**Kwon UCC-1**") with the New Jersey Secretary of State on February 24, 2020 (bearing filing number 53875192).

G. As of the Petition Date, the Debtor estimates that approximately $50,000.00 is due and owing on the Kwon Note.

**SBA Loan**

H. Subject to the Debtor's investigation prior to any Final Order authorizing use of cash collateral, the Debtor acknowledges, on behalf of itself and not its estate, that on or about May 26, 2020, the Debtor entered into an Economic Injury Disaster Loan with the U.S. Small Business Administration (the "**SBA**") having a principal amount of $38,600.00 with a fixed interest rate of 3.75%. with monthly principal and interest payments in the amount of $189.00 commencing on or about May 1, 2021, and payable over thirty (30) years from the date of the Note (the "**SBA Note**").

I. In order to secure payment of the EIDL Note, on or about May 26, 2020, the Debtor executed a security agreement (the "**SBA Security Agreement**") which granted the SBA a lien in the Collateral, as set forth more fully therein. The liens granted in the SBA Security Agreement were, upon information and belief duly perfected by SBA by virtue of filing a UCC-1 financing statement (the "**SBA UCC-1**") with the New Jersey Secretary of State on July 3, 2020 (bearing filing number 54409662).

J. As of the Petition Date, the Debtor estimates that approximately $35,000.00 is due and

owing on the SBA Note.

**The Use of Cash Collateral**

K.　　The respective liens and security interests (the "**Pre-Petition Liens**") held by Kwon and the SBA in the Debtor's cash and cash equivalents may constitute cash collateral within the meaning of §363(a) of the Bankruptcy Code ("**Cash Collateral**").

L.　　The use of the Cash Collateral is essential to the continued operation of Debtor's business and the preservation of Debtor's estate.

M.　　The continued use of Cash Collateral on an interim basis pending a final hearing is essential to the continued operation of the Debtor's business and the preservation of the Debtor's estate. For example, without the use of Cash Collateral, the Debtor will not be able to pay the ordinary and necessary costs, fees, and expenses to operate its business and pay its employees, which would result in an immediate cessation of the Debtor's operations and impede any ability to reorganize.

N.　　The continued use of Cash Collateral is necessary to prevent immediate and irreparable harm to the Debtor's estate, in that without authorization to use Cash Collateral, the Debtor's ability to sustain operations and meet its current necessary and integral business obligations will be impossible.

O.　　It is in the best interests of the Debtor, its estate, and creditors that the Debtor be given the authority to use Cash Collateral on the terms and subject to the conditions of this Order.

P.　　Based on the record of the Interim Hearing before this Court, there is good cause of the Court to authorize the Debtor's use of Cash Collateral under the terms and conditions stated herein.

Based upon the foregoing findings and conclusions, and good and sufficient cause appearing therefor,

**IT HEREBY IS ORDERED**:

1. Preliminarily, pending a final hearing on the Motion on _____, 2025 at \_\_:00 **a.m./p.m.** (the "**Final Hearing**"), the Motion is GRANTED on an interim basis. Effective *nunc pro tunc* as of February 1, 2025 and continuing through and including the Final Hearing date (the "**Interim Period**"), the Debtor is authorized to use the Cash Collateral on an interim basis subject to the terms of this Order and in accordance with the budget annexed hereto as Exhibit A, subject to a 10% variance or upon further consent of Kwon and the SBA (collectively, the "**Secured Creditors**") or further order of this Court. At the Final Hearing, the Court will consider the Debtor's request to use Cash Collateral after the Interim Period.

2. In addition to the existing rights and interests of the Secured Creditors and for the purpose of adequately protecting the Secured Creditors from Collateral Diminution, they are hereby granted replacement liens (the "**Replacement Liens**") in the Cash Collateral, to the extent that said liens were valid, perfected and enforceable as of the Filing Date and in the continuing order of priority of the Pre-Petition Liens without determination herein as to the nature, extent and validity of said pre-petition liens and claims, and solely to the extent Collateral Diminution occurs during the Chapter 11 cases, and shall be subject and subordinate only to: (a) United States Trustee fees payable under 28 U.S.C. Section 1930 and 31 U.S.C Section 3717, if applicable, or alternatively, the allowed administrative claim of the Subchapter V Trustee, and any fees payable to the Clerk of the Court; (b) professional fees of duly retained professionals in this Chapter 11 case as may be awarded pursuant to Sections 330 or 331 of the Code; and (c) the fees and expenses

of a hypothetical Chapter 7 trustee to the extent of $10,000 (collectively, the "**Carve-Outs**"). The Replacement Liens shall not attach to any recovery of funds or proceeds from the successful prosecution of avoidance actions pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code ("**Chapter 5 Claims**").

3. As additional adequate protection for the use of Cash Collateral, the Debtor shall pay to Kwon and the SBA monthly adequate protection payments in the following amounts: (i) Kwon Loan: $5,157.31 per month; and (ii) SBA Loan: $189.00 per month.

4. The Replacement Liens and security interests granted herein are automatically deemed effective, valid and perfected as of the Petition Date, without the necessity of the filing or lodging by any person of any documents or other instruments otherwise required to be filed or lodged under applicable non-bankruptcy law for the perfection of security interests, with such security interests and liens, to the extent granted, validity and perfection being binding upon any successor entity or entities or subsequently appointed trustee in any proceeding under any chapter of the Bankruptcy Code and upon any and all other creditors of the Debtor who have extended or who may hereafter extend credit to the Debtor, or assert a claim of any nature or in any manner whatsoever in this case or any superseding bankruptcy case of the Debtor, whether or not notice of the filing of this case has been filed in any state or county in which the Debtor's assets may ever be located.

5. The terms and provisions of the Kwon Loan and SBA Loan are subject to investigation by the Debtor before a Final Order is entered to determine whether the Debtor agrees that same are valid, binding and enforceable against the Debtor and/or its estate. All payments to the Secured Creditors shall be subject to the findings of the Debtor's investigation of the underlying obligations and liens asserted by Kwon and the SBA.

6. Notwithstanding anything herein to the contrary, nothing contained in this Order shall be deemed to limit the right of the Subchapter V Ttrustee, any future Chapter 7 trustee, creditor or party in interest to challenge the validity of either the Pre-Petition Liens and/or the Replacement Liens, subject to further Order of the Court with respect to the fixing of a deadline for such a challenge.

7. The Debtor's authorization to use Cash Collateral shall immediately terminate without further Order on the earlier of: (a) the date of the Final Hearing; (b) the entry of an order granting any party relief from the automatic stay; (c) the entry of an order dismissing the Chapter 11 Case or converting this proceeding to a case under Chapter 7 of the Bankruptcy Code; (d) the entry of an order confirming a plan(s) of reorganization; or (e) the entry of an order by which this Order is reversed, revoked, stayed, rescinded, modified or amended without the consent of the Secured Creditors.

8. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

9. The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Order.

10. The Final Hearing on the Debtor's use of Cash Collateral scheduled for _____ _____, 2025 at __:00 a.m./p.m. shall be held **TELEPHONICALLY via Court-Solutions** before the Honorable Stacey L. Meisel, United States Bankruptcy Judge for the District of New Jersey. If you wish to appear at the Final Hearing, you must register your appearance on the Court-Solutions website: www.Court-Solutions.com. If the Court approves such request, the requesting party will receive an email from CourtSolutions with approval and dial-in information. On the

8

day of the hearing, log into your CourtSolutions' account at least 10 minutes prior to the hearing time.

11. Objections, if any, to the relief requested in the Debtor's underlying Motion for authority to use Cash Collateral, must be made in writing, filed with the Court on the Court's Electronic Case Filing System, at www.ecf.njb.uscourts.gov (login and password required), with a copy delivered directly to Chambers and served upon Kirby Aisner & Curley LLP, proposed attorneys for the Debtors, 700 Post Road, Suite 237, Scarsdale, New York 10583, Attn: Julie Cvek Curley, Esq. so as to be received no later than _____, 2025.

12. The Secured Creditors shall be entitled to seek emergency relief, on shortened notice prior to the Final Hearing, to the extent that they object to the relief granted herein, subject to the Debtor's right to object thereto.

13. The Debtor shall serve a copy of this Order upon (a) the United States Trustee; (b) the Subchapter V Trustee, once appointed, (c) the Debtor's secured creditors, or their counsel; (d) the Debtor's taxing authorities; (e) the Debtor's twenty (20) largest unsecured creditors; and (e) parties filing a notice of appearance, by first class mail by_____, 2025, which shall be deemed good and sufficient service hereof.

9